IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 14-08190 ESL |
| EVELIO DROZ RAMOS<br>AUREA ESTHER FRANCO DE DIAZ | CHAPTER 13 |
| DEBTORS | |

**DEBTORS' REPLY TO *TRUSTEE'S MOTION TO DISMISS*, DOCKET NO. 133 AND REQUEST FOR EXTENSION OF TIME TO CURE BALANCE ON PLAN ARREARS**

TO THE HONORABLE COURT:

**COME NOW, EVELIO DROZ RAMOS and AUREA ESTHER FRANCO DE DIAZ,** the Debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

**1.** The Chapter 13 Trustee filed a *Trustee's Motion to Dismiss*, Docket No. 133, stating that the Debtors are in arrears in the Plan payments in the sum of $58,875.60. *Trustee's Motion To Dismiss*, at paragraph 1, Docket No. 133.

**2.** The Debtors hereby reply to the Trustee's motion stating that they did make all the monthly Plan payments to the Chapter 13 Trustee (60 monthly payments), however, they have not been able to pay into the Plan the proposed "lump sum" payment or "additional payment to fund the Plan" in the sum of $59,320.00 from "other sources", specifically from the sales of a real property located in Barranquitas, Puerto Rico (hereinafter "the Property"). *See*: *Chapter 13 Plan*, Dated 08/28/2018, Part 2, Sections 2.1 and 2.4, Docket No. 109.

**4.** That the Debtors respectfully state that at all times during the life of the Plan, they personally and/or through their State Court attorneys, have been trying to clear and obtain a registered title to the Property in favor of the Debtor, in order to sell the Property and obtain the funds needed to complete the Plan base in the present case.

**5.** That the Debtors hereby respectfully state the situation concerning the status of the sales of the Property:

    a. that the Property is a real property located at Pueblo Ward Barranquitas, Puerto Rico, with a house structure built on a 838 square

2

meters lot of land;

b. that the Property's originally owner was Veda Eligia Droz Colón, R.I.P., who passed away on July 19, 2002;

c. that Veda Eligia Droz Colon, executed a Testament ("*Testamento Ológrafo*" or "*Holographic Will*") whereby the Debtor received a 75% hereditary interest in the Estate of Veda Eligia Droz Colon, R.I.P.;

d. that the Property is the only asset of the Estate of Veda Eligia Droz Colon;

e. that the other 25% hereditary interest in said Estate is owned by Israel Alvarado Colón;

f. that the liquidation of the Debtor's hereditary interest was litigated in a State Court case of *Evelio Droz Ramos v. Israel Droz Alvarado*, Civil Case No. B3C201300265, RE: "Partición de Herencia", First Instance Court of Puerto Rico Comerio Superior Part;

g. that on April 06, 2015, the Debtor obtained a *Judgment* in his favor, whereby his 75% hereditary interest in Sucesion Veda Eligia Droz Colon, was ratified;

g. that Hugo Rodriguez, Esq., the Notary Public who executed the aforestated Testament, passed away before duly recording the same at the Registry of Testaments;

h. that in order to record the Property under the names of the Debtor and Israel Droz Alvarado, the Testament had to be previously recorded at the Registry of Testaments;

i. that this situation was finally resolved on November 06, 2019, upon the Office of Notaries Inspector ("Oficina de Inspeccción de Notarias") issuing a certification whereby it certifies that the aforestated Testament now appears duly recorded; and

j. that on the other hand, the Debtor has been contacted within the last year, by thirty-four (34) potential buyers who are interest in purchasing the Property.

3

**6.** The Debtors respectfully request additional time, ninety-days (90 days) to proceed with the sales of the Property and pay-in to the Plan, the proposed "additional payment" of $59,320.00, in the above captioned case. This extension of time, if granted, to expire on April 06, 2020.

**7.** That the Plan arrears owed by the Debtors in the sum of $59,320.00 would complete the Plan base in the present case and would entitle the Debtors to a discharge upon completion of Plan payments under 11 U.S.C. Section 1328(a).

**8.** That although the Debtors' confirmed Plan's 60th month expired in October, 2019, the Debtors respectfully request this Honorable Court to exercise its discretion and allow a grace period to cure the Plan arrears and, thus, to deny dismissal in the present case. 11 U.S.C Sections 1307(c) and 1328(a).

**9.** In the recent case of *In re Klass*, 858 F. 3d 820 (3rd Cir. 2017), the Appellate Court held the following:

> "[W]hile the court may not confirm a plan which is to run for more than 60 months, nothing in the Code mandates dismissal of a case with a confirmed plan which ends up needing some extra time to complete. *In re Harter*, 279 B.R. 284, 288 (Bankr. S.D. Cal 2002)…[L]ikewise, Section 1328 directs bankruptcy courts to issue a completion discharge if the debtor has completed all payments under the plan…without an express requirement that such payments were made within five years." *In re Klass*, *supra*, at pages 829-830.

**10.** The Debtors respectfully state that if the extension of time is granted, the Debtors will be able to sell the Property, and that from its proceeds pay the remaining balance of the "additional payment", and cure the balance on the Plan arrears. Furthermore, the Debtors respectfully understand that this extension of time will not prejudice any creditors.

**WHEREFORE**, the Debtors respectfully pray the Court grant the Debtors the requested extension of time and that, upon paying the proposed "additional payment" of $59,320.00, the Trustee's motion for dismissal, Docket No. 133, be denied.

**I HEREBY CERTIFY** that on this same date a copy of this notice was sent via electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the Chapter 13 Trustee; and also certify that I have mailed by

4

United States Postal Service copy of this motion to the Debtors, Evelio Droz Ramos and Aurea Esther Franco de Diaz, PO Box 3652 Bayamon PR 00958, in the above captioned case.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 08th day of January, 2020.

/s/**_Roberto Figueroa Carrasquillo_**
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR the DEBTORS
PO BOX 186 CAGUAS PR 00726-0816
TEL 787-744-7699FAX 787-746-5294
EMAIL: rfc@rfigueroalaw.com